## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **MINNESOTA LIFE INSURANCE COMPANY,** and **SECURIAN FINANCIAL SERVICES, INC.,** | )<br>)<br>)<br>) |
| *Plaintiffs* | ) Case No.: 3:23-cv-00196<br>) |
| *v.* | )<br>) |
| **MIRIAM C. CARRE, JONAH J. CARRE, and EZRA C. CARRE,** and **JIM STANGER as the Personal Representative of the Estates of Beth E. Potter and Robin L. Carre,** | )<br>)<br>)<br>)<br>)<br>) |
| *Defendants*, | ) |

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiffs, MINNESOTA LIFE INSURANCE COMPANY ("Minnesota Life") and SECURIAN FINANCIAL SERVICES, INC. ("SFS") (collectively "Plaintiffs"), by their attorney, Jacqueline J. Herring of Smith von Schleicher & Associates, hereby submit their Complaint for Interpleader pursuant to Fed. R. Civ. P. 22, and 28 U.S.C. §1335. Plaintiffs request that the Court enter an Order authorizing them to deposit with the Clerk of the Court, or other Court ordered escrow representative, the life insurance and individual retirement account ("IRA") proceeds which are payable by reason of the death by homicide of Beth E. Potter and Robin L. Carre.

### PARTIES

1. Minnesota Life is a corporation duly organized and existing under the laws of Minnesota with its principal place of business in St. Paul, Minnesota. Minnesota Life is a citizen of Minnesota.

2. SFS is a corporation duly organized and existing under the laws of Minnesota with its principal place of business in St. Paul, Minnesota. SFS is a citizen of Minnesota.

3. Miriam C. Carre ("Miriam Carre") is a resident and citizen of Wisconsin, residing in Madison, Wisconsin, and is the adult daughter of Beth Potter and Robin Carre.

4. Jonah J. Carre ("Jonah Carre") is a resident and citizen of Washington, residing in Seattle, Washington, and is the adult son of Beth Potter and Robin Carre.

5. Ezra C. Carre ("Ezra Carre") is a resident and citizen of Wisconsin, residing in Madison, Wisconsin, and is the adult son of Beth Potter and Robin Carre.

6. Jim Stanger is the Personal Representative of the Estates of Beth Potter and Robin Carre (the "Estates"). In his capacity as the Personal Representative of the Estates, Jim Stanger is deemed to be a citizen of the same state as Beth Potter and Robin Carre, pursuant to 28 U.S.C. §1332(c)(2). Beth Potter and Robin Carre were citizens of Wisconsin.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. The Court also has original jurisdiction of this action pursuant to 28 U.S.C. §1335 because this is in an interpleader action in which two or more adverse claimants of diverse citizenship claim entitlement to money or property of the value of $500 or more. Furthermore, this is an interpleader action pursuant to Federal Rule of Civil Procedure 22.

8. Venue is proper pursuant to 28 U.S.C. §1397 and 28 U.S.C. §1391(b) because one or more of the claimants and defendants reside in this district, and a substantial part of the events giving rise to this action occurred in this district.

## CLAIM FOR INTERPLEADER

9. On March 31, 2020, Beth Potter and Robin Carre died from gunshot wounds, and their deaths were determined to be homicides. In May 2022, Khari Sanford was convicted of first degree intentional homicide in the deaths of Beth Potter and Robin Carre.

10. Beth Potter was an employee of the University of Wisconsin Department of Family Medicine and Community Health (the "Employer"), and at the time of her death had the following individual retirement account with SFS and life insurance coverage by Minnesota Life: (1) life insurance coverage under Group Term Life Insurance Policy No. 32871-G, issued by Minnesota Life to the Board of Regents of the University of Wisconsin System as Policyholder; (2) life insurance coverage under Group Term Life Insurance Policy No. 32872-G, issued by Minnesota Life to University of Wisconsin Insurance Association Board as Policyholder; (3) individual life insurance coverage under Variable Adjustable Life Policy No. 2-197-545V, issued by Minnesota Life; (4) individual life insurance coverage under Advantage Elite Term Policy No. 2-418-795W, issued by Minnesota Life; and (5) Roth IRA Account No. 5TL-410935 by SFS.

11. Robin Carre was the spouse of Beth Potter, and at the time of his death had the following individual retirement account with SVS and life insurance coverage by Minnesota Life: (1) spousal life insurance coverage under Group Term Life Insurance Policy No. 32871-G; (2) individual life insurance coverage under Variable Adjustable Life Policy No. 2-197-533V, issued by Minnesota Life; (3) individual life insurance coverage under Advantage Elite Term Policy No. 2-418-761W, issued by Minnesota Life; and (4) Roth IRA Account No. 5TL-410927 by SFS.

12. Upon the deaths of Beth Potter and Robin Carre, the following benefits became payable to the proper beneficiary or beneficiaries: total amount of $132,600.00 under Group Policy Nos. 32871-G, and 32872-G; total amount of $1,208,839.94 under Individual Life Policy Nos. 2-197-545V, 2-418-795W, 2-197-533V, and 2-418-761W; and an approximate total amount of $70,000.00 under Roth IRA Account Nos. 5TL-410935 and 5TL-410927 (collectively, the "Payable Accounts").

13. Beth Potter and Robin Carre were each the respective beneficiary of each others' accounts. Beth Potter's and Robin Carre's children, Miriam Carre, Jonah Carre, and Ezra Carre are equal contingent beneficiaries.

14. Two thirds of each of the Payable Accounts were paid to Jonah Carre and Ezra Carre, in the amount of one third to each. The remaining one third of the Payable Accounts, totaling approximately $466,000 (the "Proceeds"), has not been paid.

15. The Estates contend that Miriam Carre participated in intentionally causing the deaths of Beth Potter and Robin Carre, and should be disqualified from receiving benefits from the Payable Accounts. The Estates advised that legal action may be taken against Minnesota Life and SFS if any benefits were paid to Miriam Carre. The Estates have filed a petition seeking to declare that Miriam Carre is implicated in the deaths of Beth Potter and Robin Carre.

16. Wisconsin's "slayer statute" codified in Wis. Stat. §854.14 (2) states, in part:

(2)    **Revocation of Benefits**. Except as provided in sub. (6), the unlawful and intentional killing of the decedent does all of the following:

    (a)    Revokes a provision in a governing instrument that, by reason of the decedent's death, does any of the following:

        1.    Transfers or appoints property to the killer.
…

      (3)      **Effect of Revocation**. Except as provided in sub. (6), provisions of a governing instrument that are revoked by this section are given effect as if the killer disclaimed all revoked provisions or, in the case of a revoked nomination in a fiduciary or representative capacity, as if the killer predeceased the decedent. Except as provided in sub. (6), the killer's share of the decedents' intestate estate, if any, passes as if the killer had disclaimed his or her intestate share under s. 854.13.

      …

      (5)      **Unlawful and Intentional Killing; How Determined**.

      (a)      A final judgment establishing criminal accountability for the unlawful and intentional killing of the decedent conclusively establishes the convicted individual as the decedent's killer for purposes of this section.

      (b)      A final adjudication of delinquency on the basis of an unlawful and intentional killing of the decedent conclusively establishes the adjudicated individual as the decedent's killer for purposes of this section.

      (c)      In the absence of a judgment establishing criminal accountability under par. (a) or an adjudication of delinquency under par. (b), the court, upon the petition of an interested person, shall determine whether, based on the preponderance of the evidence, the killing of the decedent was unlawful and intentional for purposes of this section.

17.      If Miriam Carre is disqualified from receiving the Proceeds, the Proceeds would be payable equally to Jonah Carre and Ezra Carre as the remaining beneficiaries.

18.      If Miriam Carre is not disqualified from receiving the Proceeds, the Proceeds would be payable to her as beneficiary.

19.      Plaintiffs are disinterested stakeholders and are unable to determine who is entitled to the Proceeds or to make payment without being subject to multiple liabilities. Therefore, Miriam Carre, Jonah Carre, and Ezra Carre are competing claimants with respect to the Proceeds, and an interpleader action is necessary to protect Plaintiffs from being exposed to potential multiple liability.

20.      Plaintiffs are willing to tender the Proceeds to the Clerk of the Court, or other Court ordered escrow representative. Upon tender of the Proceeds, Plaintiffs should be

dismissed from any further involvement or participation in this litigation with prejudice. Thereafter, Miriam Carre, Jonah Carre, and Ezra Carre should be required to interplead with each other to determine their respective rights to any of the Proceeds.

21. Plaintiffs have incurred costs and fees to initiate this interpleader action to resolve the competing claims to the Proceeds. Plaintiffs request an award of their costs and reasonable attorneys' fees to be deducted from the Proceeds to be deposited with the Clerk of Court.

WHEREFORE, Plaintiffs, MINNESOTA LIFE INSURANCE COMPANY and SECURIAN FINANCIAL SERVICES, INC., respectfully request that the Court enter an Order for the following relief:

(i) Authorizing Minnesota Life and SFS to deposit with the Clerk of the Court, or other Court ordered escrow representative, the Proceeds that remain payable due to the deaths of Beth Potter and Robin Carre;

(ii) Requiring Miriam Carre, Jonah Carre, and Ezra Carre to interplead with each other to determine their respective rights to the Proceeds;

(iii) Discharging Minnesota Life and SFS and all their parents, subsidiaries, and affiliates, from any further liability with respect to the Proceeds, and from any further liability to Miriam Carre, Jonah Carre, Ezra Carre, or any other person or entity under the Payable Accounts or with respect to the Proceeds, including any interest or claims related thereto, or the coverage of Beth Potter and Robin Carre;

(iv) Enjoining and restraining Miriam Carre, Jonah Carre, Ezra Carre, and anyone claiming by or through them from instituting any action or proceeding in any state or federal court against Minnesota Life and SFS, all their parents, subsidiaries, and affiliates, for recovery of the Proceeds, including any interest or claims related thereto, and any other claims related to Beth Potter and Robin Carre or their coverage under Group Policy No. 32871-G, Group Policy No. 32872-G, Policy No. 2-197-533V, Policy No. 2-197-545V, Policy No. 2-418-761W, Policy No. 2-418-795W, Roth IRA Account No. 5TL-410935, and Roth IRA Account No. 5TL-410927;

(v) Dismissing Minnesota Life and SFS from this litigation, with prejudice; and

    (vi)    Awarding Minnesota Life and SFS their reasonable attorneys' fees and costs incurred herein to be paid from the Proceeds, along with any and all other relief the court deems appropriate.

                                                                                              Respectfully submitted,

| | |
|---|---|
| Jacqueline J. Herring (Ill. Bar No. 6282246) | By: */s/ Jacqueline J. Herring* |
| SMITH \| VON SCHLEICHER + ASSOCIATES | Attorney for Interpleader Plaintiffs, |
| 180 N. LaSalle St. Suite 3130 | Minnesota Life Insurance Company and |
| Chicago, Illinois 60601 | Securian Financial Services, Inc. |
| P  312.541.0300 \| F  312.541.0933 | |
| jackie.herring@svs-law.com | |