IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **MINNESOTA LIFE INSURANCE COMPANY, and SECURIAN FINANCIAL SERVICES, INC.,** | )<br>)<br>)<br>) |
| *Plaintiffs* | ) Case No.: 3:23-cv-00196 |
| *v.* | )<br>)<br>) |
| **MIRIAM C. CARRE, JONAH J. CARRE, and EZRA C. CARRE, and JIM STANGER as the Personal Representative of the Estates of Beth E. Potter and Robin L. Carre,** | )<br>)<br>)<br>)<br>)<br>) |
| *Defendants* | ) |

### PLAINTIFFS' MOTION FOR INTERPLEADER DISCHARGE

Interpleader Plaintiffs, MINNESOTA LIFE INSURANCE COMPANY ("Minnesota Life") and SECURIAN FINANCIAL SERVICES, INC. ("SFS") (collectively "Plaintiffs"), by their attorney, Jacqueline J. Herring of Hinshaw & Culbertson LLP, submit their Motion For Interpleader Discharge, pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. §1335.  A proposed Order granting the Motion is attached as Exhibit A.

### Introduction

1. Minnesota Life and SFS initiated this interpleader due to conflicting claims to life insurance benefits and Roth IRA account benefits, totaling approximately $500,000 (the "Disputed Benefits") which are payable by reason of the death by homicide of Beth Potter and Robin Carre ("Decedents").  (Doc. 1, Compl. ¶¶ 10-12).

2. With leave of Court, Minnesota Life and SFS deposited the Disputed Benefits. (Doc. 7, 8).  Minnesota Life and SFS now seek interpleader relief of discharge, dismissal, and a declaration that Minnesota Life and SFS have no further liability for the benefits.

**Competing Claims**

3. At the time of their deaths on March 31, 2020, Decedents had life insurance coverage in the total amount of $132,600.00 under Group Policy Nos. 32871-G, and 32872-G; total amount of $1,208,839.94 under Individual Life Policy Nos. 2-197-545V, 2-418-795W, 2-197-533V, and 2-418-761W; and an approximate total amount of $70,000.00 under Roth IRA Account Nos. 5TL-410935 and 5TL-410927 (collectively, the "Payable Accounts"). (Doc. 1, Compl. ¶¶ 10-12).

4. Decedents were each the respective beneficiary of each other's accounts. They named as equal contingent beneficiaries their three children, Jonah Carre, Ezra Carre, and Miriam Carre. (Doc. 1, Compl. ¶ 13). Two thirds of each of the Payable Accounts were paid to Jonah Carre and Ezra Carre in the amount of 1/3 each. (Doc. 1, Compl. ¶ 14).

5. Defendant Jim Stanger ("Stanger"), as Personal Representative of the Estates of Beth Potter and Robin Carre (the "Estates"), filed a petition seeking to declare that Miriam Carre is implicated in Decedents' deaths such that she is disqualified from recovering the remaining 1/3 of the benefits, which are the Disputed Benefits. (Doc. 1, Compl. ¶¶ 6, 15). If Miriam Carre is disqualified, the Disputed Benefits are payable in equal parts to Jonah Carre and Ezra Carre.

6. Minnesota Life and SFS initiated this interpleader due to those conflicting claims to the Disputed Benefits. Miriam Carre returned a signed Waiver of the Service of Summons form and filed her responsive pleading on November 14, 2023. (Doc. 19). Jonah Carre was personally served on July 14, 2023, and his responsive pleading was due on August 4, 2023. (Doc. 13). Ezra Carre was personally served on August 28, 2023, and his responsive pleading was due on September 18, 2023. (Doc. 15). Stanger was personally served on August 20, 2023,

and his responsive pleading was due on September 11, 2023. (Doc. 14). Jonah Carre, Ezra Carre, and Stanger have not filed a responsive pleading to Plaintiffs' Interpleader Complaint.

**Minnesota Life and SFS are Entitled to Interpleader Relief**

7.  The "primary purpose" of interpleader is "to enable a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party." *Indianapolis Colts v. Mayor & City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984). Interpleader actions allow the stakeholder to deposit the disputed funds with the court, "withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court." *Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994).

8.  Conflicting claims exist to the Disputed Benefits and interpleader relief is appropriate to protect Minnesota Life and SFS from "double liability or the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). Courts consistently acknowledge that interpleader is the appropriate and preferred course of action when a beneficiary may be a "slayer" implicated in the death of the insured. *See, e.g., Hartford Life & Acc. Ins. Co. v. Sabol*, No. 09-CV-45, 2010 WL 519725, at *2 (E.D. Wis. Feb. 9, 2010) (interpleader proper where named beneficiary was accused of intentionally killing the insured); *Butterfly-Biles v. State Farm Life Ins. Co.*, No. 09-CV-0086-CVE-PJC, 2010 WL 346839, at *5 (N.D. Okla. Jan. 21, 2010) ("In fact, courts have criticized insurers for failing to file interpleader actions where there was evidence that the primary beneficiary could be a slayer.").

9.  The Disputed Benefits have been deposited with the Court and no viable purpose is served by Minnesota Life's or SFS's continued presence in this action. Minnesota Life and SFS should be discharged and the claimants should be enjoined from instituting any further

action against Minnesota Life and SFS, including all their parents, subsidiaries, and affiliates with respect to the benefits payable under the Payable Accounts. "Once the stakeholder turns the assets over to the registry of the court, the stakeholder's legal obligations to the claimants are satisfied, and the stakeholder is discharged." *Standard Ins. Co. v. Harnett*, No. 3:17-CV-03060, 2017 WL 4621776, at *3 (C.D. Ill. Oct. 16, 2017). *See Prudential Ins. Co. of Am. v. Roth*, No. 20-cv-982-pp, 2021 WL 1791760, at *1 (E.D. Wis. Mar. 26, 2021) (insurer to be dismissed upon deposit of disputed benefits); *Lutheran Bhd. v. Comyne*, 216 F. Supp. 2d 859, 863-64 (E.D. Wis. 2002) ("The plaintiff has properly sought interpleader relief and its continued involvement in this case would have no impact on the core dispute between the two defendants regarding who is entitled to the annuity proceeds.").

10.     "Thus, a successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder … ." *Exec. Risk Indem. Inc. v. Speltz & Weis, LLC*, No. 09 C 2750, 2009 WL 3380972, *2 (N.D. Ill. Oct. 16, 2009) (internal quotation omitted) (quoting *In re Mandalay Shores Co-Op Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994)). *See also McBride v. McMillian*, 679 F. App'x 869, 871 (11th Cir. 2017) (After the stakeholder "deposits the funds with the court, all legal obligations to the claimants are satisfied and the court enters a discharge judgment on behalf of the plaintiff.") (internal quotations omitted).

11.     A declaration of no further liability for Minnesota Life and SFS and an injunction prohibiting further litigation against Minnesota Life and SFS is appropriate and necessary to ensure finality and prevent other suits involving the same subject matter. *See* 28 U.S.C. §2361 (court in interpleader action may "discharge the plaintiff from further liability" and may "enter its order restraining [claimants] from instituting or prosecuting any proceeding in any State or United States court affecting" the disputed funds); *Harnett*, 2017 WL 4621776, at *3;

*Sportsman's Guide, Inc. v. Havana Nat'l Bank*, No. 09-cv-1152, 2009 WL 4923092, at *3 (C.D. Ill. Dec. 7, 2009) ("[I]t is of course essential that the interpleader court enjoin the institution or prosecution of other suits on the same subject matter elsewhere.") (quoting *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 707 (7th Cir. 1991)).

WHEREFORE, Interpleader Plaintiffs MINNESOTA LIFE INSURANCE COMPANY and SECURIAN FINANCIAL SERVICES, INC. respectfully request that the Court enter an Order:

(i) Discharging Minnesota Life and SFS and all their parents, subsidiaries, and affiliates, from any further liability with respect to the benefits under the Payable Accounts, and from any further liability to Miriam Carre, Jonah Carre, Ezra Carre, or any other person or entity under the Payable Accounts or with respect to the benefits under the Payable Accounts, including any interest or claims related thereto, or the coverage of Beth Potter and Robin Carre;

(ii) Enjoining and restraining Miriam Carre, Ezra Carre, Jonah Carre, and anyone claiming by or through them from instituting any action or proceeding in any state or federal court against Minnesota Life and SFS, all their parents, subsidiaries, and affiliates, for recovery of any benefits under the Payable Accounts, including any interest or claims related thereto, and any other claims related to Beth Potter and Robin Carre or their coverage under the Payable Accounts;

(iii) Dismissing Minnesota Life and SFS from this litigation, with prejudice; and

(iv) Requiring Miriam Carre, Jonah Carre, and Ezra Carre to interplead with each other to determine their respective rights to the Disputed Benefits.

Respectfully submitted,

Jacqueline J. Herring (IL-6282246)  By: /s/ *Jacqueline J. Herring*
HINSHAW & CULBERTSON LLP   Attorney for Interpleader Plaintiffs,
151 North Franklin Street, Suite 2500   Minnesota Life Insurance Company and
Chicago, Illinois 60606    Securian Financial Services, Inc.
P 312.704.3975 | F 312.704.3001
jherring@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on December 19, 2023, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorney:

Andrew W. Erlandson
Attorney for Defendant, Miriam C. Carre
33 East Main Street, Suite 400
Madison, Wisconsin 53703


I further certify that a paper copy was sent via U.S. Mail to the following:

Jonah J. Carre
1522 E Olive Way, Apt 105
Seattle, Washington 98122

Ezra C. Carre
409 W Wilson St, Apt 8
Madison, Wisconsin 53703

James Stanger
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202


*/s/ Jacqueline J. Herring*
Jacqueline J. Herring (IL-6282246)
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois  60606
P  312.704.3975  | F  312.704.3001
JHerring@hinshawlaw.com